1  KING, HOLMES, PATERNO & BERLINER LLP
   HOWARD E. KING, ESQ., STATE BAR NO. 077012
2  SETH MILLER, ESQ., STATE BAR NO. 175130
   1900 AVENUE OF THE STARS, 25TH FLOOR
3  LOS ANGELES, CALIFORNIA 90067-4506
   E-MAIL:   KING@KHPBLAW.COM
4  TELEPHONE: (310) 282-8989
   FACSIMILE:  (310) 282-8903
5
   Attorneys for Plaintiff
6  F. MARC SCHAFFEL PRODUCTIONS, LLC

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11 F. MARC SCHAFFEL PRODUCTIONS,    CASE NO. CV10-00117 SJO (AGRx)
   LLC, a California limited liability
12 company,                          COMPLAINT FOR DAMAGES
                                     BASED ON:
13                    Plaintiff,
                                     1.   COPYRIGHT INFRINGEMENT
14          vs.
                                     DEMAND FOR JURY TRIAL
15 FOX NEWS, a Delaware corporation;
   and DOES 1-70, inclusive,
16
                      Defendants.
17

18

19      Plaintiff F. MARC SCHAFFEL PRODUCTIONS, LLC ("Schaffel") alleges

20 as follows:

21               THE NATURE OF THIS ACTION

22      1.    In the midst of the media feeding frenzy sparked by the sudden death of

23 Michael Jackson, concepts of copyright ownership were ignored or disregarded as

24 cable news networks desperately tried to juice their ratings and income by

25 broadcasting, as news, anything related to the late superstar.  In a quest to satisfy its

26 unquenchable thirst to broadcast anything associated with Michael Jackson, Fox

27 News, part of the vast News Corporation broadcasting empire, one of the fiercest

28 defenders of its own intellectual property from unauthorized exploitation,

FILED
2010 JAN -7  PM 4: 00
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

1   demonstrated no hesitation in exploiting the work of others without payment or

2   permission.

3          2.      Schaffel is the registered copyright owner and creator of a 2003

4   audio-visual work containing an interview with Debbie Rowe ("Rowe"), the ex-wife

5   of Michael Jackson, concerning her highly publicized relationship with Michael

6   Jackson and their children.  Portions of Schaffel's work were broadcast, with

7   Schaffel's permission, around the world in 2003.  In July 2009, as part of its nonstop

8   "coverage" of Michael Jackson's death, Fox News ("Fox") promoted and then

9   broadcast an extended portion of Schaffel's 6-year old work and then rebuffed

10  Schaffel's claims of infringement by claiming the 6-year old work was suddenly so

11  newsworthy that Fox had a "fair use" right to ignore basic copyright law protections

12  and broadcast Schaffel's work on one of its quasi-news shows without seeking or

13  obtaining any permission or consent.

14         3.      Ironically, if not hypocritically, Rupert Murdoch, chairman of News

15  Corporation has been extensively quoted criticizing Google, the BBC and others for

16  claiming the same "fair use" justification when reprinting or rebroadcasting

17  copyrighted content from his publications without payment or permission.  Sky

18  News Australia recently interviewed Mr. Murdoch who threatened that News

19  Corporation would sue the BBC and other news organizations for copyright

20  infringement for "stealing" material from his newspapers around the world.

21         "There's a doctrine called 'fair use', which we believe to be challenged in the

22  courts and would bar it altogether," Mr. Murdoch told the TV channel.  "But we are

23  better," added Mr. Murdoch.  "If you look at them, most of their stuff is stolen from

24  the newspapers now, and we'll be suing them for copyright."

25         Fox sanctimoniously operates unencumbered by the very copyright

26  restrictions it seeks to impose on its competitors.

27  / / /

28  / / /

KING, HOLMES,
PATERNO
& BERLINER LLP

## ALLEGATIONS COMMON TO ALL CLAIMS

### JURISDICTION AND VENUE

4.      This action arises, in part, under the United States Copyright Act, 17 U.S.C. §§101 et seq., based on acts of copyright infringement committed in the United States.  This Court has subject matter question jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§1391(b), (c) and 1400(a) because Defendants, and each of them, are subject to personal jurisdiction in this District and a substantial part of the events, acts and/or omissions giving rise to the claims herein occurred in this District.

### THE PARTIES

6.      Schaffel is, and at all times relevant hereto has been, a limited liability company organized and existing under the laws of the State of California.

7.      Schaffel is informed and believes and based thereon alleges that Defendant Fox is, and at all times relevant hereto, was, a Delaware corporation conducting business in the City of Los Angeles, State of California as a subsidiary of News Corporation.

8.      Schaffel is presently unaware of the true names and capacities of Defendants sued herein as Does 1 through 20, inclusive, and therefore sue said Defendants by such fictitious names.  Schaffel will amend this Complaint to allege the true names and capacities of such fictitiously named Defendants when the same have been ascertained.  Schaffel is informed and believes and based thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that Schaffel's damages were proximately caused by their conduct.  Hereinafter, all Defendants including Doe Defendants will sometimes be referred to collectively as "Defendants."  For convenience, each reference to a named Defendant herein shall also refer to the Doe Defendants, and each of them.

## FACTS COMMON TO ALL CLAIMS

9.     Schaffel is the owner of an audio-visual work entitled "Debbie Rowe Interview Produced and Directed by F. Marc Schaffel in Calabasas, California" (the "Interview"), produced by F. Marc Schaffel in 2003 and consisting of interviews of and other interactions with Rowe, as well as other scenes.  In 2003, portions of the Interview were broadcast around the world, with Schaffel's permission, as part of another audio-visual work produced by Schaffel entitled "The Michael Jackson Interview: The Footage You Were Never Meant to See" (the "Michael Jackson Show").

10.     On July 5, 2009, substantial portions of the Interview were broadcast in promotions for and as part of Fox's show, "Geraldo At Large."  Almost ten percent (10%) of the episode of "Geraldo At Large" consisted of the Interview.  Schaffel never consented to or licensed this use of the Interview to Fox, which appears to have been copied from, at least in part, the previously broadcast Michael Jackson Show.

11.     Immediately upon airing of the Interview, Schaffel asserted its rights in and to the Interview and demanded that Fox immediately cease and desist from further broadcasting of the Interview and that Fox provide information regarding all broadcasts by Fox of the Interview in order that Schaffel might determine its damages and available remedies for the wrongful broadcast.  Fox has rebuffed all such demands, claiming it had the right to broadcast the Interview without regard to anyone's ownership of or investment in same.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

## CLAIM FOR RELIEF

2

### For Copyright Infringement [17 U.S.C. ·101 et seq.]

3

### (Against All Defendants)

4       12.     Schaffel repeats, realleges, adopts and incorporates each and every

5 allegation contained in Paragraphs 1 through 10, inclusive, as though fully set forth

6 herein.

7       13.     Schaffel is the sole owner of all right, title and interest in the copyrights

8 to the Interview (the "Copyrights").

9       14.     Schaffel is informed and believes and thereon alleges that Defendants,

10 and each of them, have commercially used, exploited, attempted to license or sell

11 and disseminated the copyrighted Interview.

12      15.     Defendants' commercial use, exploitation, attempts to license or sell

13 and dissemination of the copyrighted materials is unauthorized.  Defendants'

14 unauthorized commercial use, exploitation, licensing, attempts to license or sell and

15 dissemination of the Interview constitutes an infringement of Schaffel's rights,

16 including of the Copyrights, and of the copyright laws.

17      16.     As a direct and proximate result of Defendants' infringing activities,

18 Schaffel has sustained and will continue to sustain substantial injury in an amount

19 not yet known but to be determined according to proof at trial.  As a further direct

20 and proximate result of the infringement by Defendants, they have unlawfully and

21 wrongfully derived income and profits from their infringing acts.

22      17.     Schaffel is informed and believes and on that basis alleges that

23 Defendants had prior knowledge of Schaffel's rights and, therefore, Defendants'

24 infringing activities are willful and wanton.

25      18.     As a result of their actions, Defendants are liable to Schaffel for willful

26 copyright infringement under 17 U.S.C. §501.  Schaffel suffered, and will continue

27 to suffer, substantial damage to its professional reputation and goodwill, as well as

28 losses in an amount not yet ascertained, but which will be determined according to

KING, HOLMES,
PATERNO
& BERLINER LLP

3005.064/315424.2

5

1    proof.  In addition to Schaffel's actual damages, Schaffel is entitled to receive the

2    profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. §504.

3    In the alternative, Schaffel is entitled to statutory damages pursuant to 17 U.S.C.

4    §504(c).  These statutory damages should be enhanced by 17 U.S.C. §504(c)(2)

5    because of Defendants' willful copyright infringements.

6    **PRAYER FOR RELIEF**

7    **WHEREFORE,** Plaintiff Schaffel prays for judgment against Fox and Doe

8    Defendants, as follows:

9    1.    That the Court enter judgment against Defendants, and each of

10   them, that Defendants have infringed Schaffel's rights in the copyright in the

11   Interview under 17 U.S.C. §501, and that the infringement by Defendants, and each

12   of them, was willful.

13   2.    For the damages suffered by Schaffel as a result of the infringement

14   complained of herein, as well as disgorgement of any profits of Defendants

15   attributable to their infringement, including the value of all gains, profits,

16   advantages, benefits, and consideration derived by Defendants from and as a result

17   of their infringement of Schaffel's copyright in the Interview;

18   3.    In the alternative, if Schaffel so elects, in lieu of recovery of its actual

19   damages and Schaffel's profits, for a 17 U.S.C. §504(c) award of statutory damages

20   against Schaffel, or any of them, for all copyright infringements (willful or

21   otherwise) involved in this action as to the Interview;

22   4.    For attorneys' fees and costs of the suit incurred;

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    5.    For interest at the maximum statutory rate; and

2    6.    For such other and further relief as the Court may deem just and proper.

3

4    DATED:  January 7, 2010          KING, HOLMES, PATERNO & BERLINER, LLP

5

6                                          By: _____
                                                    HOWARD E. KING
7                                                ATTORNEYS FOR PLAINTIFF
                                          F. MARC SCHAFFEL PRODUCTIONS, LLC
8

9                          **<u>DEMAND FOR JURY TRIAL</u>**

10          Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules

11   of Civil Procedure.

12

13   DATED:  January 7, 2010          KING, HOLMES, PATERNO & BERLINER, LLP

14

15                                         By: _____
                                                    HOWARD E. KING
16                                               ATTORNEYS FOR PLAINTIFF
                                          F. MARC SCHAFFEL PRODUCTIONS, LLC
17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV10- 117 SJO  (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
| --- | --- | --- |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F. MARC SCHAFFEL PRODUCTIONS, LLC, a California limited liability company,<br><br>PLAINTIFF(S)<br><br>v.<br><br>FOX NEWS, a Delaware corporation; and DOES 1-70 inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10-00117** SJO (AGRx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _____ NAMED ABOVE _____

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _____ Howard E. King _____ , whose address is King, Holmes, Paterno & Berliner LLP, 1900 Avenue of the Stars, 25th Floor, Los Angeles, CA 90067 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ **- 7 JAN 2010** _____        By: _____

_Deputy Clerk_

_(Seal of the Court)_

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| F. MARC SCHAFFEL PRODUCTIONS, LLC, a California limited liability company | FOX NEWS, a Delaware corporation; and DOES 1-20, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Howard E. King, Esq. King, Holmes, Paterno & Berliner LLP 1900 Avenue of the Stars 25th Floor Los Angeles, California 90067 (310) 282-8989 | |

**II.   BASIS OF JURISDICTION** (Place an X in box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☒ **MONEY DEMANDED IN COMPLAINT:** $ subject to proof

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Copyright Infringement 17 U.S.C. Section 101, et seq.
Defendants infringed Plaintiff's copyright through exploitation of Plaintiff's video production.

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV10-00117**

| FOR OFFICE USE ONLY:   Case Number: | |
|---|---|
| **AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.** | |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

**Note:  In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date _January 7, 2010_

Howard E. King
Attorneys for Plaintiff

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |