UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F. MARC SCHAFFEL PRODUCTIONS, LLC,<br><br>          Plaintiff,<br><br>      v.<br><br>FOX NEWS NETWORK, LLC, et al.,<br><br>          Defendants. | NO. CV 10-00117 SJO (AGRx)<br><br>**ORDER DENYING DEFENDANTS FOX NEWS NETWORK AND NEWS CORPORATION'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. (12)(b)(6)**<br>[Docket No. 17] |

This matter is before the Court on Defendants Fox News Network, LLC ("Fox") and News Corporation's ("News Corp") (collectively, "Defendants") Motion to Dismiss the First Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rule(s)") 12(b)(1) and 12(b)(6), filed January 12, 2010. Plaintiff F. Marc Schaffel Productions, LLC ("Plaintiff") filed an Opposition, to which Defendants replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for May 3, 2010. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendants' Motion is DENIED.

I.    BACKGROUND

On January, 7, 2010, Plaintiff filed its Complaint alleging the following cause of action: (1) copyright infringement pursuant to 17 U.S.C. §§ 101 *et seq.* (Compl. ¶ 4.) On

1. January 12, 2010, Plaintiff filed its First Amended Complaint, which alleges the same cause of action, based on the facts below.  (*See generally* First Am. Compl. ("FAC"))

Plaintiff owns an audio-visual work entitled, "Debbie Rowe Interview Produced and Directed by F. Marc Schaffel in Calabasas, California [(the "Interview")]."  (FAC ¶¶ 6, 11.)  Fox conducts business in Los Angeles, California as a subsidiary of News Corp.  (FAC ¶ 7.)  Plaintiff also alleges that News Corp exercises complete control of Fox, such that Fox is a "mere shell, instrumentality, and conduct [sic] through which News Corp carries on its business."  (FAC ¶ 8.)

In 2003, portions of the Interview were broadcast around the world, with Plaintiff's permission, as part of another one of Plaintiff's audio-visual works entitled, "The Michael Jackson Interview: The Footage You Were Never Meant to See."  (FAC ¶ 11.)  On July 5, 2009, portions of the Interview were broadcast in promotions for and as part of the Fox television show, "Geraldo at Large."  (FAC ¶ 12.)  Plaintiff did not consent to or license this use of the Interview to Fox.  (FAC ¶ 12.)  Following Defendants' airing of the Interview, Plaintiff asserted its rights to the Interview and demanded that Fox: (1) cease and desist from further broadcasting of the Interview; and (2) provide information regarding all Fox broadcasts of the Interview in order that Plaintiff might determine its damages and remedies.  (FAC ¶ 13.)

On March 5, 2010, Defendants filed the instant Motion, arguing that: (1) Plaintiff lacks standing because Plaintiff does not own the copyright to the Interview; (2) Defendants' use of portions of the Interview qualifies as non-actionable fair use pursuant to 17 U.S.C. § 107; and (3) Plaintiff's allegations with regards to News Corp's liability are overly speculative.  (Defs.' Mot. to Dismiss Pl.'s FAC ("MTD") 6, 10, 16.)

II. DISCUSSION

   A. Standing

Defendants argue that Plaintiff lacks standing because Plaintiff either did not own the copyright at the time of the infringement, or does not own the copyright at all.  (MTD 1, 7-9.)  In order to have standing and establish a case or controversy under Article III of the United States Constitution, Plaintiff must show the following: (1) injury in fact; (2) causation; and (3) redressability.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  All three

1  requirements are met here, as Plaintiff has alleged: (1) Plaintiff is the sole owner of all right, title,
2  and interest in the copyrights of the Interview and Defendants have commercially used the
3  Interview without Plaintiff's permission; (2) as a result of Defendants' infringing activities, Plaintiff
4  has suffered injury in an amount not yet known, but to be determined according to proof at trial;
5  and (3) damages and/or other remedies are available pursuant to 17 U.S.C. § 501 for the wrongful
6  broadcasting of the Interview.  (FAC ¶¶ 15-20.)  Accordingly, it is clear that Plaintiff has standing
7  to pursue its claims against Defendants, pursuant to *Lujan*.  *See Lujan*, 504 U.S. at 560-61.

   B.   Fair Use

9  Defendants also argue that Plaintiff's FAC fails because Defendants' use of the Interview
10 is a fair use that is not actionable as infringement.  (MTD 10.)  Section 107 of the Copyright Act
11 allows "fair use" of copyrighted work for purposes such as criticism, comment, news reporting,
12 teaching, scholarship, or research.[1]  *See* 17 U.S.C. § 107.  A court may only conduct fair use
13 analysis as a matter of law on a motion to dismiss, however, when no material facts are in dispute.
14 *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 530 (9th Cir. 2008).  In the instant
15 Motion, a material fact is in dispute, as Plaintiff alleges that it owned the copyright to the Interview
16 at the time of the infringement, while Defendants allege otherwise.  (*See* FAC ¶¶ 15-17; MTD 7-9.)
17 Accordingly, because the issue of fair use is a mixed question of law and fact, it will not be decided
18 as a matter of law at this stage of the litigation.  *See Harper & Row Publishers, Inc. v. Nation*
19 *Enter.*, 471 U.S. 539, 560 (1985) (establishing that fair use is a mixed question of law and fact);
20 *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148, 1151 (9th Cir. 1986) (holding that
21 fair use should be analyzed as a matter of law only if there are no genuine issues of material fact).

   C.   Failure to State a Plausible Claim

---

[1] 17 U.S.C. § 107 provides in pertinent part: "[T]he fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright."

Finally, Defendants argue that Plaintiff's allegations against News Corp do not rise above a speculative level, and thus, should be dismissed pursuant to Rule 12(b)(6). (MTD 16-17). The sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a plausible claim for relief. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Here, Plaintiff alleges that News Corp exercises control over Fox to the extent that "any separateness of . . . Fox and . . . News Corp does not . . . exist." (FAC ¶ 8.) For the purposes of this Motion, the Court assumes that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). Accordingly, because Plaintiff's Complaint alleges that News Corp and Fox both derived profits from infringing Plaintiff's copyright, Plaintiff's Complaint supports a plausible claim for relief as to both News Corp and Fox. (FAC ¶¶ 8, 16.)

III. <u>RULING</u>

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's FAC. Defendants have until **JUNE 28, 2010** to file an Answer.

IT IS SO ORDERED.

Dated: June 7, 2010

*S. James Otero*

S. JAMES OTERO

UNITED STATES DISTRICT JUDGE