DORI ANN HANSWIRTH (admitted *pro hac vice*)
THERESA M. HOUSE (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile:  (212) 918-3100
dori.hanswirth@hoganlovells.com
theresa.house@hoganlovells.com

AMY M. GALLEGOS (Cal. Bar No. 211379)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California  90067
Telephone: (310) 785-4600
Facsimile:  (310) 785-4601
amy.gallegos@hoganlovells.com

Attorneys for Defendant
NEWS CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F. MARC SCHAFFEL PRODUCTIONS, LLC, a California limited liability company,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FOX NEWS NETWORK, LLC, a Delaware limited liability company; NEWS CORPORATION, a Delaware corporation; and DOES 1-10, inclusive,<br><br>　　　　　　　　Defendants. | Case No. CV10-00117 SJO (AGRx)<br><br>**ANSWER OF NEWS CORPORATION TO FIRST AMENDED COMPLAINT** |

\

Defendant News Corporation ("News Corporation" or "Defendant"), by and through its undersigned counsel, Hogan Lovells US LLP, as and for an Answer to the allegations in the First Amended Complaint (the "Complaint") of plaintiff, F. Marc Schaffel Productions, LLC ("Plaintiff"), hereby responds as follows:

## FOR A RESPONSE TO THE NATURE OF THIS ACTION[1]

1. In response to the allegations contained in Paragraph "1" of the Complaint, News Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of that Paragraph and therefore denies same, and further denies each and every of those allegations to the extent that they pertain to News Corporation. In response to the allegations contained in the second sentence of Paragraph "1" of the Complaint, News Corporation admits that FNC is an indirect subsidiary of News Corporation; admits that News Corporation exercises its rights under United States intellectual property law; and except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in the second sentence of Paragraph "1" of the Complaint, and therefore denies same.

2. In response to the allegations contained in the first sentence of Paragraph "2" of the Complaint, News Corporation admits, upon information and belief, to the existence of a 2003 audio-visual work containing an interview with Debbie Rowe ("Rowe"), the ex-wife of Michael Jackson ("Jackson") (the "Rowe Interview), and respectfully refers the Court to the Rowe Interview for its true content and meaning; admits, upon information and belief, that Plaintiff purportedly has obtained a copyright registration for the Rowe Interview; and except as so admitted and referred, denies each and every remaining allegation contained in the first sentence of Paragraph "2" of the Complaint. In response to the second sentence of Paragraph "2" of the Complaint, News Corporation admits, upon information and belief, that portions of the Rowe Interview were published in 2003;

---

[1] News Corporation specifically denies any liability which might arise from the words contained in the headings in the Complaint or in any defined terms contained in the Complaint.

and except as so admitted, denies each and every remaining allegation contained in the second sentence of Paragraph "2" of the Complaint.  In response to the third sentence of Paragraph "2" of the Complaint, News Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph "2" of the Complaint.

3. In response to the allegations contained in Paragraph "3" of the Complaint, News Corporation admits that Rupert Murdoch ("Murdoch") is the Chairman of News Corporation; admits that Murdoch was interviewed by Sky News Australia in 2009 and has been quoted discussing intellectual property issues in other publications, and respectfully refers the Court to the interview and publications for their true content and meaning; and except as so admitted and referred, denies each and every remaining allegation contained in Paragraph "3" of the Complaint.

**FOR A RESPONSE TO ALLEGATIONS COMMON TO ALL CLAIMS**

**FOR A RESPONSE TO JURISDICTION AND VENUE**

4. In response to the allegations contained in Paragraph "4" of the Complaint, News Corporation admits that this purports to be an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*; denies that this Court has "subject matter question jurisdiction over this matter," because, upon information and belief, Plaintiff does not own the copyrights in the allegedly infringed work; denies that News Corporation has committed any acts that would invoke the proper jurisdiction of this Court; and except as so admitted and denied, denies each and every remaining allegation contained in Paragraph "4" of the Complaint.

5. In response to the allegations contained in Paragraph "5" of the Complaint, News Corporation admits that the Complaint purports to allege facts sufficient for venue in this matter to lie in this Court under 28 U.S.C. §§ 1391 and 1400; admits that News Corporation is subject to personal jurisdiction in this

1  District; denies that News Corporation committed any acts of copyright
2  infringement within this District or elsewhere; and except as so admitted and
3  denied, denies knowledge or information sufficient to form a belief as to each and
4  every remaining allegation containing in Paragraph "5" of the Complaint, and
5  therefore denies same.

### FOR A RESPONSE TO THE PARTIES

7      6.    News Corporation denies knowledge or information sufficient to
8  form a belief as to the truth of the allegations contained in Paragraph "6" of the
9  Complaint, and therefore denies same.

10      7.    In response to the allegations contained in Paragraph "7" of the
11  Complaint, News Corporation admits that FNC is a limited liability company
12  organized and existing under the laws of the State of Delaware; admits that FNC
13  conducts business in the City of Los Angeles, State of California; admits that FNC
14  uses a trade name called "Fox News Channel"; admits that FNC is an indirect
15  subsidiary of News Corporation; and except as so admitted, denies each and every
16  remaining allegation contained in Paragraph "7" of the Complaint.

17      8.    In response to the allegations contained in Paragraph "8" of the
18  Complaint, News Corporation admits that News Corporation is a corporation
19  organized and existing under the laws of the State of Delaware; admits that News
20  Corporation conducts business in the City of Los Angeles, State of California;
21  admits that News Corporation is the ultimate parent of FNC; and except as so
22  admitted, denies each and every remaining allegation contained in Paragraph "8" of
23  the Complaint.

24      9.    News Corporation denies knowledge or information sufficient to
25  form a belief as to the truth of each and every allegation contained in Paragraph "9"
26  of the Complaint, and therefore denies same.

27      10.    News Corporation denies each and every allegation contained in
28  Paragraph "10" of the Complaint.

**FOR A RESPONSE TO FACTS COMMON TO ALL CLAIMS**

11. In response to the allegations contained in the first sentence of Paragraph "11" of the Complaint, News Corporation denies, upon information and belief, each and every allegation contained in the first sentence of that Paragraph. In response to the allegations contained in the second sentence of Paragraph "11" of the Complaint, News Corporation admits, upon information and belief, that in 2003 portions of the Rowe Interview were broadcast as part of an audio-visual work entitled "The Michael Jackson Interview: The Footage You Were Never Meant to See" (the "Fox Special"); and except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph "11" of the Complaint, and therefore denies same.

12. News Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint, and therefore denies same.

13. News Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Complaint, and therefore denies same.

**FOR A RESPONSE TO CLAIM FOR RELIEF**

**FOR COPYRIGHT INFRINGEMENT [17 U.S.C. § 101 *et seq.*]**

**(AGAINST ALL DEFENDANTS)**

14. News Corporation repeats and realleges each and every admission, referral, and denial set forth in response to Paragraphs "1" through "13" of the Complaint as if made in response to Paragraph "14" of the Complaint.

15. News Corporation denies each and every allegation contained in Paragraph "15" of the Complaint.

16. News Corporation denies each and every allegation contained in Paragraph "16" of the Complaint.

17. News Corporation denies each and every allegation contained in Paragraph "17" of the Complaint.

18. News Corporation denies each and every allegation contained in Paragraph "18" of the Complaint.

19. News Corporation denies each and every allegation contained in Paragraph "19" of the Complaint.

20. News Corporation denies each and every allegation contained in Paragraph "20" of the Complaint.

## AFFIRMATIVE DEFENSES

News Corporation makes the following affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

### FOR A FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

21. Plaintiff's Complaint fails to state a valid claim upon which relief can be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE
### (Lack of Ownership)

22. Plaintiff's claim is barred because Plaintiff does not own a valid copyright to the Rowe Interview.

### FOR A THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing/Subject Matter Jurisdiction)

23. Plaintiff's claim is barred, and this Court lacks subject matter jurisdiction over this action, because Plaintiff does not have standing to assert its claim.

### FOR A FOURTH AFFIRMATIVE DEFENSE
### (Fraud on the United States Copyright Office)

24. Plaintiff's claim is barred, in whole or in part, based upon the

doctrine of fraud on the United States Copyright Office.

## FOR A FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

25. Plaintiff is equitably estopped from bringing the claims asserted in the Complaint based on its prior representations of non-ownership of the Rowe Interview copyrights.

## FOR A SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

26. Plaintiff's claim is barred, in whole or in part, because, to the extent Plaintiff ever had any cognizable authorship interest in the Rowe Interview, it has waived that interest.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

27. Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

28. Plaintiff's claim, or recovery thereon, is barred, in whole or in part, because and/or to the extent that it failed to mitigate its alleged damages.

## FOR A NINTH AFFIRMATIVE DEFENSE

### (Fair Use)

29. Plaintiff's claim for copyright infringement is barred in whole or in part by the doctrine of fair use, pursuant to 17 U.S.C. § 107.

## FOR A TENTH AFFIRMATIVE DEFENSE

### (No Statutory Damages or Attorneys' Fees)

30. Pursuant to 17 U.S.C. § 412, Plaintiff is not entitled to a 17 U.S.C. § 504(c) award of statutory damages or a 17 U.S.C. § 505 award of attorneys' fees because the alleged acts of infringement took place before the effective date of

Plaintiff's copyright registration for the Rowe Interview and the work was not registered within three months after first publication.

### FOR AN ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

31. News Corporation reserves the right to assert and rely upon other defenses that become available or appear during the course of discovery.

### PRAYER FOR RELIEF

WHEREFORE, defendant News Corporation respectfully requests that this Court enter judgment dismissing the first amended complaint in its entirety, with prejudice, and granting such other and further relief, together with attorneys' fees and costs, as this Court deems appropriate.

Dated: June 28, 2010

Respectfully submitted,
HOGAN LOVELLS US LLP

By: s/Dori Ann Hanswirth

Dori Ann Hanswirth

*Attorneys for Defendant News Corporation*