**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-117-JST (AGRx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | F. Marc Schaffel Productions v. Fox News Network | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|

**Proceedings:** RE PLAINTIFF'S MOTION TO COMPEL DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)

On November 18, 2010, Plaintiff F. Marc Schaffel Productions, LLC ("Schaffel") filed a motion to compel the deposition of Defendant Fox News Network, LLC ("Fox") pursuant to Fed. R. Civ. P. 30(b)(6). (Dkt. Nos. 60-67.) On December 7, 2010, Schaffel filed a supplemental memorandum. (Dkt. No. 69-70.) On December 7, 2010, Fox filed a supplemental memorandum. (Dkt. No. 68.) On December 16, 2010, Fox filed a response to Schaffel's objections to evidence. (Dkt. Nos. 74-75.) This matter is appropriate for adjudication without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

*Rule 30(b)(6) Deposition of Fox*

Schaffel served a Rule 30(b)(6) deposition notice upon Fox on July 9, 2010. (Exh. 7 to Bird Decl.) On July 14, 2010, the parties agreed to reschedule the Fox deposition on "a later date to be agreed upon between the parties." (Exh. E to Hanswirth Decl.) The deposition was rescheduled to October 21, 2010, apparently with the understanding that the deposition date would give the parties "plenty of lead time" after the parties produced documents.[1] (Exh. J at 1, 4 to Hanswirth Decl.) When Fox did not receive Schaffel's document production, Fox sent a letter dated September 27, 2010 stating it was "not in a position to participate in the deposition schedule agreed to by counsel" because of the failure to "participate fully and fairly in the documentary discovery process." (Exh. L at 5 to Hanswirth Decl.) On October 21, 2010, no one appeared for deposition. (Hanswirth Decl. ¶ 18.)

In a November 8, 2010 supplemental written response,[2] Schaffel stated that it has "or will" produce nonprivileged documents responsive to document request nos. 131-35 among other requests.

---

[1] Schaffel's counsel was of the view that it was doubtful Schaffel's documents would have "much bearing on the PMK topics." (Exh. J at 4 to Hanswirth Decl.) However, Schaffel does not respond specifically to Fox's argument that document request nos. 131-35 are directly relevant to topics 1-4.

[2] Regarding the date of receipt, *see* Hanswirth Decl. ¶ 16.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-117-JST (AGRx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | F. Marc Schaffel Productions v. Fox News Network | | |

(Exh. T at 5 to Hanswirth Decl.) Fox requested that Schaffel state whether it has completed its document production. (Exh. W at 3 to Hanswirth Decl.) Fox sought to obtain alternative deposition dates from Schaffel. (Exh. Q at 2 to Hanswirth Decl.)

Fox states that it does not object to appearing for deposition. (Joint Stipulation (JS) at 4.) Fox argues, however, that it "must review and analyze [plaintiff's] documents to comply with their obligations to prepare for the examination and to answer questions on the [Rule 30(b)(6) topics." (*Id.* at 5.) Fox notes that Schaffel describes the first four 30(b)(6) topics as "[c]ommunications between Fox and Plaintiff, and within Fox (and among Fox affiliates) after Michael Jackson's death about possibly licensing Plaintiff's Debbie Rowe Interview." (*Id.* at 10.) Fox's document request nos. 131-135 seek documents related to those topics. (Exh. 24 at 27 to Dkt. No. 70.) Schaffel's supplemental response dated November 8, 2010 agreed to produce nonprivileged responsive documents. (Exh. T at 5 to Hanswirth Decl.) Therefore, Fox urges that the deposition be scheduled "within a reasonable time after Plaintiff's document production is complete" in response to Defendant's first request to produce documents. (JS at 6.)

In its supplemental memorandum, Schaffel for the first time appears to state that it does not have any documents responsive to document request nos. 131-35. (Supp. Mem. at 2.) Accordingly, based upon Schaffel's representation in its supplemental memorandum, Fox's argument that its Rule 30(b)(6) deposition should occur after Schaffel's production of documents appears now to be moot.

### *Location of Deposition*

Schaffel noticed Fox's Rule 30(b)(6) deposition in Los Angeles. (Exh. 7 to Bird Decl.) Schaffel initially agreed to hold the deposition in New York "provided it can be scheduled when he [Howard King] is otherwise to be in New York." (Exh. E to Hanswirth Decl.) Schaffel now urges that the deposition take place in Los Angeles. Fox argues the deposition should be held in New York.

"A district court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). "Ordinarily, 'the deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order.'" *Fausto v. Credigy Services Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008) (citation omitted). "However, 'there is a general presumption that the deposition of a defendant should be conducted in the district of his residence [because while] plaintiffs bring the lawsuit and . . . exercise the first choice as to the forum, [t]he defendants, on the other hand, are not before the court by choice.'" *Id.* (citation omitted).

Fox states that its principal place of business is in New York, its Rule 30(b)(6) witness is located in New York, and its Los Angeles employees have nothing to do with the deposition or matters at issue in this case. (JS at 27; Hanswirth Decl. at 11; Hanswirth Decl., filed 12/16/10, ¶¶ 5-8.) Fox argues there is no need for it to lose the cost and two days' productivity of its employee if forced to travel to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-117-JST (AGRx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | F. Marc Schaffel Productions v. Fox News Network | | |

Los Angeles for deposition.  (JS at 27.)

  Upon motion, "[c]ourts consider the relative convenience of and hardships to the parties when determining whether there is good cause to grant a protective order."  *Id.*  Factors to be considered include: "1.  The parties' convenience and relative hardships to attend the designated location; 2.  Cost of transportation and lost work to a defendant; 3.  Expense and inconvenience to move voluminous documents; 4.  Whether the parties' counsel are located in the forum district; 5.  Whether the defendant is a large corporation whose employees often travel; 6.  Whether significant discovery disputes may arise and judicial economy favors resolution by the forum court or other similar concerns; and 7.  Whether the parties' claims and parties' relationship are such that appropriate adjustment of the equities favors a deposition site in the forum district."  *Willis v. Mullens*, 2006 U.S. Dist. LEXIS 35627, *17-*18 (E.D. Cal. 2006).

  Schaffel denies any agreement to have the Fox deposition take place in New York.  (King Decl. ¶ 6.)  However, Schaffel does not make any showing as to the factors listed above.[3]

  IT IS HEREBY ORDERED that Schaffel's motion to compel is GRANTED IN PART AND DENIED IN PART as follows:

1. On or before December 22, 2010, counsel shall meet and confer regarding dates for a Rule 30(b)(6) deposition of Fox in New York at a time when Howard King will otherwise be in New York.  If counsel cannot resolve these matters informally, counsel for Schaffel shall contact the Clerk, Marine Pogosyan, at (213) 894-5419, on or before December 27, 2010 to request a telephonic conference with the court during that week.  No further briefing is required.  If the Clerk is not timely notified, the court will assume this discovery dispute has been resolved.

2. The requests for sanctions by Schaffel and Fox are DENIED WITHOUT PREJUDICE.

3. The hearing date of December 21, 2010 is VACATED.

---

[3] Schaffel argues that Fox has not yet disclosed its Rule 30(b)(6) witness(es).  Schaffel was, however, prepared to proceed with Fox's Rule 30(b)(6) deposition in New York on October 21, 2010, presumably because it believed counsel's representations that the witnesses were in New York.  (*E.g.*, Purtich Decl. ¶ 2.)  Fox states that David Clark, identified in its Initial Disclosures, is located in New York.  (Hanswirth Decl., filed 12/16/10, ¶ 8 & Exh. B at 3.)