KING, HOLMES, PATERNO & BERLINER LLP
HOWARD E. KING, ESQ., STATE BAR NO. 077012
BRIAN J. BIRD, ESQ., STATE BAR NO. 081614
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
E-MAIL:    BIRD@KHPBLAW.COM
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Plaintiff
F. MARC SCHAFFEL PRODUCTIONS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F. MARC SCHAFFEL PRODUCTIONS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>FOX NEWS NETWORK, LLC, a Delaware limited liability company; NEWS CORPORATION, a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV10-00117 JST (AGRx)<br>Hon. Josephine Staton Tucker,<br>Courtroom 10A<br><br>**[DISCOVERY MATTER]**<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO FULFILL ITS OBLIGATIONS UNDER RULE 34**<br><br>Date:  January 25, 2011<br>Time:  10:00 a.m.<br>Dept.:  Courtroom D, 8th Floor<br><br>Action Commenced: January 7, 2010<br><br>Discovery Cut-Off: June 9, 2011<br>Pre-Trial Conference: August 29, 2011<br>Trial Date: September 13, 2011<br>Action Commenced: January 7, 2010<br>Mag. Judge: Hon. Alicia G. Rosenberg |

/ / /

/ / /

/ / /

/ / /

/ / /

3005.064/397255.1

## I. INTRODUCTION

In their desperate effort to have on file a motion to compel – any motion, regardless of merit – to provide seeming counterbalance to Plaintiff's December 14 motion to compel the Fox PMK deposition, Defendants flagrantly ignored the requirements of Local Rule 37-2.1-2.2.[1] Their initial version of a joint stipulation was 28 pages long, and failed to set out, *in seriatim*, each request, each response, and Defendants' argument regarding each request. Upon those and other defects being pointed out to Defendants in Plaintiff's December 3 portion of a joint statement and the December 3 King Declaration, Defendants subsequently ballooned their portion of a **revised** joint stipulation to **355** pages, **but still failed** to comply with providing argument regarding each individual response. Then they unilaterally filed on December 15 a document blatantly mislabeled "joint stipulation," which altogether omitted any of Plaintiff's December 3 papers, and tried to mislead the Court into believing that such countervailing documents were never submitted by Plaintiff. Their motion should be denied in its entirety on the basis of such gross irregularity alone.

Now, even after they were ordered to present the Fox PMK (and have violated that order by not presenting a PMK for all the PMK topics, despite Plaintiff's counsel traveling to New York last week),[2] Defendants still insist on proceeding with a motion that still patently violates the Local Rules, is not supported by authority and seeks to impose burdens on Plaintiff that Defendants adamantly refuse to comply with themselves. Plaintiff produced over 90,000 pages of material; Defendants have produced 234 pages.

---

[1] Described in the "King Dec. 16 Decl." Regarding Defendants' Refusal to Cooperate or Comply with Local Rules 37-2.1 and 37-2.2 [Docket No. 76].

[2] Defendants failed to present a qualified PMK on the following topics enumerated in Howard King's January 10 e-mail (Exhibit "A" hereto), and Plaintiff will have to seek recourse with the Court.

1 After Defendants' filed the improper motion and alleged "joint stipulation,"
2 Plaintiff set out these irregularities in the "King Dec. 16 Decl." Plaintiff also
3 thereafter requested several times before today that Defendants withdraw the
4 improper motion, but Defendants persisted nonetheless. See Exhibit "B" attached.
5 Only after having put Plaintiff to huge needless burden, **today**, for the first time,
6 Defendants withdraw parts of their motion. See Exhibit "E" attached (Hanswirth
7 e-mail).

8 Plaintiff reiterates that if any burden of the sort requested to be imposed upon
9 Plaintiff is granted, such burden should be made reflexive, to be imposed upon
10 Defendants as well.

## II. THE COMPONENTS OF DEFENDANTS' MOTION

### A. The Request That Plaintiff "Certify" That All Documents Have Been Produced

As discussed in Plaintiff's portion of what was to be a "joint stipulation", Rule 34 never provided support for Defendants' contention that Plaintiff should "certify" that all documents have been produced. That Rule only requires that a party state whether production of the requested documents **will be** afforded. Plaintiff responded in the same fashion as Defendants did to Plaintiff's request, stating what would be produced.

The cases cited by Defendants (including one marked "not for citation") do not support Defendants' position, as discussed in Plaintiff's papers (excised from the "joint stipulation" Defendants filed). Plaintiff's discussion on this subject appears at pp. 8-16 of Exhibit "29" to the King Dec. 16 Decl. Defendants refused to address the incongruity of their not so certifying regarding the paltry 234 pages they produced. See Exhibit "B" (King December 30, 2010 letter).

26 / / /
27 / / /
28 / / /

### B. The Request that Plaintiff Describe Its Efforts to Search For Documents

Here again, the authorities cited by Defendants do not support the notion that Plaintiff should be required, on a motion over a document request, to describe its efforts to search for documents, and what was found. See Exhibit "29" to King Dec. 16 Decl.

In recognition that the authority cited by Defendants is unavailing on this issue, Defendants propounded interrogatories on December 15, seeking such information. Copy attached as Exhibit "C". It should be noted that Plaintiff turned those interrogatories around, and propounded them back to Plaintiff on December 16 (Exhibit "D" hereto). Undoubtedly, Defendants will litter their response to such interrogatories propounded to them with their usual panoply of objections, and provide no substantive information on January 15.

### C. Regarding a Privilege Log

Plaintiff stated before that it would provide a privilege log, in the form contemplated in the Advisory Comm. Notes to the 1993 amendments to Rule 26(b). See p. 21, Exhibit "29" to King Dec. 16 Decl. Plaintiff has been preparing the same, and expects to present it shortly.

There has been no waiver of privileges, just because Defendants try now to renege on their prior agreement that no privilege log need be provided for post 2003 materials. Exhibits "29" (pp. 17-23), "30" (pp. 6-21). Defendants continue to refuse to explain why, if documents requested from them are not listed on a privilege log, such documents lose any privilege, if their contention regarding Plaintiff's post-2003 documents were to be accepted.

### D. Regarding the Tax/Employment Related Materials in Request Nos. 62 *et seq.*

In what Defendants unilaterally excised from Plaintiff's portion of what was Defendants' first version of a joint stipulation, Plaintiff explained that to avoid

unnecessary motion practice, it would provide the 2002-2003 tax-related materials for Plaintiff. See Exhibit "29". Plaintiff provided the 2002 and 2003 tax returns, under the Confidentiality Protective Order in this case. There are no documents responsive to requests 62-64, 69-75, or 81-82 for those years, beyond those already produced. Defendants were asked again, including as late as yesterday, what possible relevance there could be for such documents after 2003. Their counsel's response was "we don't know, without seeing what there is." When asked how documents showing receipt of the 2007 judgment in favor of Plaintiff against Michael Jackson could be even remotely relevant, Defendants could offer no explanation, and only suggested that they would review their motion today, to see if they would withdraw it. Finally, today they withdraw that portion of their motion. See Exhibit "E" hereto.

### III. CONCLUSION

Defendants' motion should be denied in its entirety, and sanctions granted against Defendants and their lawyers for persisting with the baseless motion, and for ignoring their obligations under Local Rules 37-2.1 and 2.2.

DATED: January 11, 2011        KING, HOLMES, PATERNO & BERLINER, LLP

By: _____
HOWARD E. KING
ATTORNEYS FOR PLAINTIFF
F. MARC SCHAFFEL PRODUCTIONS, LLC

KING, HOLMES,
PATERNO
& BERLINER LLP

3005.064/397255.1                                              4

# CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2011, I electronically filed the foregoing **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO FULFILL ITS OBLIGATIONS UNDER RULE 34** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*Joey S. Gossett-Evans*
JOEY S. GOSSETT-EVANS