1    DORI ANN HANSWIRTH (admitted *pro hac vice*)
     THERESA M. HOUSE (admitted *pro hac vice*)
2    HOGAN LOVELLS US LLP
     875 Third Avenue
3    New York, New York 10022
     Telephone: (212) 918-3000
4    Facsimile: (212) 918-3100
     dori.hanswirth@hoganlovells.com
5    theresa.house@hoganlovells.com

6    AMY M. GALLEGOS (Cal. Bar No. 211379)
     HOGAN LOVELLS US LLP
7    1999 Avenue of the Stars, Suite 1400
     Los Angeles, California 90067
8    Telephone: (310) 785-4600
     Facsimile: (310) 785-4601
9    amy.gallegos@hoganlovells.com

10   Attorneys for Defendants
     FOX NEWS NETWORK, LLC and
11   NEWS CORPORATION

12             UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15   F. MARC SCHAFFEL PRODUCTIONS, LLC, a California limited liability company, | Case No. CV10-00117 JST (AGRx) |
| 17               Plaintiff, | **NOTICE OF REINSTATEMENT OF PORTIONS OF MOTION PREVIOUSLY CONDITIONALLY WITHDRAWN WITHOUT PREJUDICE** |
| 18             v. | |
| 19   FOX NEWS NETWORK, LLC, a Delaware limited liability company; NEWS CORPORATION, a Delaware corporation; and DOES 1-10, inclusive, | |
| 21            Defendants. | DATE:       January 25, 2011<br>TIME:       10:00 a.m.<br>PLACE:     Courtroom D, 8th Floor |
| 23 | **DISCOVERY MATTER** |
| 24 | Discovery Cut-Off: June 9, 2011<br>Pre-Trial Conference: Aug. 29, 2011<br>Trial Date: Sept. 13, 2011<br>Action Commenced: Jan. 7, 2010<br>Mag. Judge: Hon. Alicia G. Rosenberg |

27

28

1    TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that defendants Fox News Network, LLC ("FNC")

3    and News Corporation (together, "Defendants") hereby reinstate the request in their

4    **MOTION TO COMPEL PLAINTIFF TO FULFILL ITS OBLIGATIONS**

5    **UNDER RULE 34** (the "Motion") for an order from this Court: (1) ordering

6    Plaintiff F. Marc Schaffel Productions, LLC ("Plaintiff") to produce all responsive

7    documents; and (2) requiring Plaintiff to certify in writing at that time a) what it has

8    done to search for responsive documents and b) that it has completed its document

9    production (designated as "Issue 1" in their papers in support of the Motion).

10   Defendants file this notice to reinstate their motion as to Issue 1 because the

11   representations by Plaintiff upon which Defendants relied in agreeing to

12   conditionally withdraw their Motion, without prejudice, as to that issue have now

13   proven to be a lie.  Despite claiming that it had produced all responsive documents

14   in its possession, Plaintiff has now – after Defendants conditionally withdrew the

15   portions of its Motion addressing Plaintiff's document production based on those

16   claims – produced previously undisclosed documents that directly bear on central

17   claims and defenses in this action.  And, those documents refer to the existence of

18   other responsive and important documents that Plaintiff has yet to produce.

19   This Notice of Reinstatement of Motion is made on the following grounds[1]:

20   1)    In support of their Motion, Defendants submitted papers showing their

21   entitlement to the above-requested relief;

22   2)    After Defendants filed their Motion, Plaintiff requested that Defendants

23   withdraw the Motion on the grounds that the parties may be able to resolve their

24   dispute voluntarily;

25

26

27   [1] The facts in support of this Notice of Reinstatement of Portions of Motion
     Previously Conditionally Withdrawn Without Prejudice are set forth in the
28   accompanying Declaration of Dori Ann Hanswirth (the "Hanswirth Decl.").

3)     To that end, counsel for the parties engaged in a meet and confer that took place by telephone on January 10, 2011 (the "Meet and Confer");

4)     During the Meet and Confer, Plaintiff's counsel represented that Plaintiff had produced all documents in its possession that were responsive to Defendants' First Request to Produce Documents Propounded to Plaintiff on July 21, 2010 (the "Requests") and on that basis requested that Defendants withdraw their Motion as to the relief requested in Issue 1;

5)     On January 11, 2011 Defendants filed their **REPLY MEMORANDUM OF LAW OF DEFENDANTS FOX NEWS NETWORK, LLC AND NEWS CORPORATION IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFF TO FULFILL ITS OBLIGATIONS UNDER RULE 34** (the "Reply");

6)     In an effort to conserve judicial resources, and on the basis of Plaintiff's representations, in the Reply Defendants "conditionally withdr[e]w without prejudice the portions of their motion addressed to Issue[] 1 . . . while reserving the right to renew their motion as to those points after Plaintiff's deposition";

7)     Despite the above representations and its certain knowledge that Defendants had relied on them, on January 12, 2011 – a mere 48 hours after Plaintiff stated it had produced all responsive documents in its possession – Defendants received from Plaintiff correspondence containing an additional 274 pages of responsive documents;

8)     Plaintiff did not disclose its intent to produce any of these documents during the above-referenced Meet and Confer;

9)     It is clear that Plaintiff knew – when its counsel pleaded with Defendants to withdraw their Motion as to Issue 1 – that its statements that it did not have any more documents to produce were, simply put, a bald-faced lie;

10)    What's worse, as set forth in the Hanswirth Decl. filed herewith, among the new documents Plaintiff produced on January 12 (which was nearly five months after Plaintiff's responses and objections to Defendants' Requests were due) are materials indicating that Plaintiff still has yet additional documents to produce;

11)    For example, Defendants have repeatedly and consistently asked Plaintiff to produce all versions of the work that is the subject of Plaintiff's claims (*e.g.*, Joint Stipulation Pursuant to Local Rule 37-2 Re: Defendants' Motion to Compel Plaintiff to Fulfill Its Obligations Under Rule 34 (Docket 72) (the "Joint Stipulation") at 168 (Request No. 83), 170 (Request No. 84)) – which is obviously one of the most important documents in this action – and each time Plaintiff has protested that all versions of that work (the "Rowe Interview") are identical to the deposit copy of the same that Defendants obtained from the United States Copyright Office, which is just under 3 hours long;

12)    Multiple documents in Plaintiff's new production directly contradict that assertion – for example, P0255 discusses "approximately 5 hours of interview with Debbie Rowe" and P0262 describes "camera masters [that] are actually 5+ hours long";

13)    Defendants have also asked for all documents concerning any licensing agreements or the negotiations of the same regarding the Rowe Interview (*e.g.*, Joint Stipulation at 178 (Request No. 88), 291 (Request No. 142), 313 (Request No. 152));

14)    Many of the documents in Plaintiff's new production reference purported licensing agreements, but for at least one of the alleged licenses Plaintiff does not produce any signed licensing agreement nor any proof that Plaintiff was paid;

15)    Unfortunately, this is not the first time that Plaintiff has produced previously undisclosed documents without any prior notice – on January 6, 2011,

3

1   after Defendants discovered through public filings in another copyright suit Plaintiff

2   has brought based on the Rowe Interview that Plaintiff had produced certain

3   documents in that other litigation, but not in this one, Plaintiff produced a

4   responsive DVD of segments of the Rowe Interview labeled "Confidential

5   Outtakes" and copies of responsive VHS tapes that were not previously produced to

6   Defendants;

7        16)   Nor is this the first time that Plaintiff has made material

8   misrepresentations in this matter – Plaintiff's principal falsely declared, under

9   penalty of perjury, that it contacted *FNC* about licensing the Rowe Interview

10   (Docket 62-3 at Exhibit 5, ¶ 13), only to later admit in response to interrogatories

11   that he actually contacted individuals at the *Fox Broadcasting Company* ("FBC"),

12   which Plaintiff concedes is an entirely separate corporate entity (Docket 76-29

13   [hereafter "Exhibit 29] at p. 6 (distinguishing FBC from FNC));

14        17)   Likewise, on Page 6 of Ex. 29, Plaintiff claimed that FNC "promoted

15   and advertised" the Rowe Interview, yet on Page 13 it admitted that it has no

16   documents to support that claim;

17        18)   In light of this egregious and continuing pattern of deception and

18   cheating – on issues that go to the very heart of the claims and defenses in this

19   litigation – Defendants can only conclude that Plaintiff is attempting to prejudice

20   their efforts to take discovery in this action and specifically to force Defendants to

21   take Plaintiff's deposition (noticed for February 9, 2011 in New York) without the

22   benefit of receiving a full document production from Plaintiff;

23        19)   Indeed, Defendants have been trying to schedule Plaintiff's deposition

24   *since October 2010*, but have been unable to do so because of Plaintiff's sloppy and

25   deceptive behavior;

26

27

28

4

1    20)    This simply will not do – Plaintiff must produce all responsive

2  documents in advance of the current deposition date and provide the requested

3  certification;

4    21)    For all of these reasons, and for the reasons set forth in the papers in

5  support of Defendants' Motion, Defendants hereby reinstate their request for that

6  relief and further renew their request for sanctions against Plaintiff and its counsel.

7

8  Dated:  January 19, 2011                 Respectfully submitted,
                                            HOGAN LOVELLS US LLP
9

10                                          By:  _s/Dori Ann Hanswirth_____

11                                              Dori Ann Hanswirth

12                                          *Attorneys for Defendants Fox News*
                                            *Network, LLC and News Corporation*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2011 I electronically filed the foregoing **NOTICE OF REINSTATEMENT OF PORTIONS OF MOTION PREVIOUSLY CONDITIONALLY WITHDRAWN WITHOUT PREJUDICE** with the Clerk of the Court by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Theresa M. House_____
THERESA M. HOUSE