UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-117-JST (AGRx) | Date | April 21, 2011 |
|---|---|---|---|
| Title | F. Marc Schaffel Productions v. Fox News Network | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|

**Proceedings:** (In Chambers) RE DEFENDANTS' MOTION TO COMPEL

On December 15, 2010, Defendants Fox News Network, LLC and New Corp. (herinafter collectively "Fox") filed a motion to compel and for sanctions. (Dkt. Nos. 71-73.) On December 17, 2010, Plaintiff F. Marc Schaffel Productions, LLC ("Schaffel") filed a declaration attaching its opposition. (Dkt. No. 76.) On January 11, 2011, Fox filed a reply. (Dkt. Nos. 80-81.) On January 11, 2011, Schaffel filed a supplemental memorandum. (Dkt. No. 82.) On January 19, 2011, Fox filed a notice of reinstatement of Issue 1 in the motion to compel. (Dkt. Nos. 83-84.) On January 19, 2011, Fox filed objections to Schaffel's supplemental memorandum. (Dkt. No. 85.) This matter is appropriate for adjudication without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

Schaffel contends it is the owner of the copyright in an audio-visual work entitled "Debbie Rowe Interview Produced and Directed by F. Marc Schaffel in Calabasas, California." (First Amended Complaint ¶¶ 11, 15) (hereinafter "2003 Debbie Rowe Interview"). Schaffel alleges that after Michael Jackson's death, Fox used, without license, excerpts of the 2003 Debbie Rowe Interview in a segment of Geraldo At Large on July 5, 2009. (*Id.* ¶ 12.) Schaffel sues for copyright infringement.

The motion to compel is divided into three issues.

*Issue 1*

Schaffel stated that it "has or will produce all relevant, non-privileged documents" responsive to Document Request Nos. 1-61, 65-68, 76-80, 83-158 except for documents subject to a confidentiality agreement or court order. (Exh. S.) As to the excepted documents, Schaffel agreed to provide information sufficient to enable Fox to identify and subpoena the documents from the individuals or entities at issue. (*Id.*)

Fox's reply brief initially withdrew this portion of its motion based on Schaffel's representation that it had produced all responsive documents in its possession, custody or control, including the remaining document requests under Issue 3. (Reply at 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-117-JST (AGRx) | Date | April 21, 2011 |
|---|---|---|---|
| Title | F. Marc Schaffel Productions v. Fox News Network | | |

    However, Fox's Notice of Reinstatement revived Issue 1 based on Schaffel's later production of responsive documents which evidenced that the production still is not complete. Fox included a list of additional responsive documents referenced in the later production that had not yet been produced. (Hanswirth Decl. ¶¶ 7-9, Dkt. No. 84.) Schaffel has not responded to the Notice of Reinstatement.

    Schaffel argues that Fed. R. Civ. P. 34 does not impose a requirement that it disclose the efforts it made to search for responsive documents.[1] A party's written response "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Of course, the party must also produce the responsive documents. Fed. R. Civ. P. 34(b)(2)(E).

    Here, Fox has provided evidence that Schaffel has not produced all of its responsive documents despite its representation that it has done so. The court orders Schaffel, within 11 days after the date of this order, to file and serve a declaration(s), from a person(s) with personal knowledge, that describes the search for responsive documents, including but not limited to what was done to locate documents, who was involved, and whose files were searched. With respect to electronically stored information (ESI), such as the emails that were the subject of the motion, the declaration(s) shall in addition identify the list of custodians who files were searched and the search terms used. *E.g.*, *21X Capital Ltd. v. Werra*, 2008 WL 131918 (N.D. Cal. Jan. 11, 2008).

    Within 7 days after the filing of the declaration(s), counsel shall meet and confer regarding the scope of Schaffel's search. If the parties are unable to resolve any remaining disputes, counsel for Fox shall contact the Clerk, Marine Pogosyan, at (213) 894-5419 to request a hearing. No additional briefing is required.

*Issue 2*

    Schaffel argues the parties agreed that "Plaintiff need not identify any privileged documents (such as attorney-client correspondence and work product) dated after 2003." (Exh. 29 at 19 to King Decl.) Mr. King cites his email dated October 11, 2010 following a conference of counsel on October 6, 2010. The email states in pertinent part: "You have agreed to not require a privilege log for documents that post-date 2003, the relevant year for creation and distribution of the original Rowe interview." (Exh. 17 to King Decl.)

    Fox's October 13, 2010 response to this email states in pertinent part: "We confirm that, at this time, we will not seek for your client to produce a privilege log for documents created after 12/31/2003 on two conditions: . . . (2) that the parties shall reserve the right to seek a limited privilege log, in the future, concerning specified documents created after these dates should facts or circumstances reveal

---

    [1] Schaffel also makes a variety of arguments about Fox's production of documents. Given that Schaffel has not filed a motion to compel further responses by Fox, this court will not address Fox's production of documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-117-JST (AGRx) | Date | April 21, 2011 |
|---|---|---|---|
| Title | F. Marc Schaffel Productions v. Fox News Network | | |

one to be necessary."[2]  (Exh. 18 to King Decl.)  Mr. King's response, which is in red, does not dispute the existence of the second condition.  (*Id.*)

On October 22, 2010, Fox identified two additional time periods: 91) October 2004 through December 2008, which represents the month before Schaffel filed a lawsuit against Michael Jackson through the month in which it was resolved; and (2) June 25, 2009 through March 31, 2010, which represents the date Mr. Jackson died through the date of Schaffel's declaration filed in opposition to the motion to dismiss.  (Exh. M to Hanswirth Decl.)

Following a November 11, 2010 letter (Exh. T to Hanswirth Decl.), the parties appear to have met and conferred again on November 22, 2010.  (Exh. 29 at 20.)  Although it appears the parties discussed the privilege log, it is not clear what was discussed or agreed, if anything.  (Exh. 30 ¶¶ 41-43 to King Decl.)

Schaffel states that no privilege log needs to be provided for the period 2002-2003 because it decided not to withhold any responsive documents based upon privilege.  (Exh. 29 at 21 to King Decl.; Exh. 30 ¶ 44 to King Decl.)  Fox's argument that this court should find a waiver based on failure to provide a privilege log during that time frame is therefore moot.[3]

With respect to the two additional periods identified by Fox, Schaffel states that it agrees to produce "a privilege log that identifies by broad class or character, documents withheld on the basis of attorney-client privilege and attorney work-product for 2004 to date" pursuant to various authorities.  (Exh. 29 at 21 to King Decl.)  As of January 11, 2011, Schaffel was going to produce that log shortly.  (Schaffel's Supp. Mem. at 3.)[4]

To the extent it has not already done so, Schaffel is ordered to produce the privilege log for the periods October 2004 through December 2008 and June 25, 2009 through March 31, 2010.  Schaffel shall produce the log within 11 days after the date of this order.

---

[2]  The first condition is not at issue in this motion.

[3]  Fox's reply brief appeared to construe Schaffel's position as an agreement that it would provide a privilege log by type or category for 2002-2003, and a refusal to provide a log for the time periods thereafter.  (Reply at 2.)  Fox's letter dated December 23, 2010, however, contains the same understanding stated in the text above.  (Exh. C to Hanswirth Decl. Re Notice of Reinstatement.)

[4]  Fox's motion to strike Schaffel's supplemental memorandum as untimely is denied and its objection is overruled.  *See generally Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261-62 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-117-JST (AGRx) | Date | April 21, 2011 |
|---|---|---|---|
| Title | F. Marc Schaffel Productions v. Fox News Network | | |

Fox argues that Schaffel cannot withhold privileged documents either because of waiver or the crime-fraud exception. Fox offers to submit additional briefing on the crime-fraud exception, which was not included in the joint stipulation. (Reply at 3.)

Within 7 days after service of the privilege log, counsel shall meet and confer regarding any disputes about the log, production of documents described in the log, and supplemental briefing, if any. If the parties are unable to resolve their disputes, counsel for Fox shall contact the Clerk, Marine Pogosyan, at (213) 894-5419 to request a hearing.

*Issue 3*

Issue 3 was withdrawn in Fox's reply brief and does not appear to have been reinstated in Fox's Notice of Reinstatement filed January 19, 2011. Accordingly, this court will not address Issue 3.

IT IS HEREBY ORDERED that Defendants' motion to compel is GRANTED IN PART as follows:

1. Within 11 days after the date of this order, Schaffel shall file and serve a declaration(s), from a person(s) with personal knowledge, that describes the search for responsive documents, including but not limited to what was done to locate documents, who was involved, and whose files were searched. With respect to electronically stored information (ESI), the declaration(s) shall in addition identify the list of custodians who files were searched and the search terms used.

2. Within 7 days after the filing of the declaration(s) described in paragraph 1, counsel shall meet and confer regarding the scope of Schaffel's search. If the parties are unable to resolve any remaining disputes, counsel for Fox shall contact the Clerk, Marine Pogosyan, at (213) 894-5419 to request a hearing. No additional briefing is required.

3. Within 11 days after the date of this order, Schaffel is ordered to produce the privilege log for the periods October 2004 through December 2008 and June 25, 2009 through March 31, 2010. Within 7 days after service of the privilege log (or within 11 days after the date of this order if the log has already been served), counsel shall meet and confer regarding any disputes about the log, production of documents, and supplemental briefing, if any. If the parties are unable to resolve their disputes, counsel for Fox shall contact the Clerk, Marine Pogosyan, at (213) 894-5419 to request a hearing. At the initial hearing, the court and counsel will address the question of whether additional briefing or declarations are necessary and a briefing schedule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-117-JST (AGRx) | Date | April 21, 2011 |
|---|---|---|---|
| Title | F. Marc Schaffel Productions v. Fox News Network | | |

4.    In all other respects, Fox's motion is denied without prejudice.

cc: Parties

|  | 0 | 0 |
|---|---|---|
| Initials of Preparer | mp | |